UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LEE DUONG, et al., <br><br> Defendants. | Case No. C-13-00772 RMW <br><br> **ORDER GRANTING DEFAULT JUDGMENT** <br><br> [Re Docket No. 24] |

Plaintiff Joe Hand Promotions, Inc. moves for default judgment against defendant Lee Duong d/b/a Nha Em Restaurant & Bar for showing "Ultimate Fighting Championship 144" at Nha Em Restaurant & Bar without paying for a proper license. For the reasons explained below, the court grants default judgment.

**I.      BACKGROUND**

Joe Hand licenses the right to broadcast closed-circuit sports and entertainment programming in commercial establishments from the producers of such programming. Plaintiff then sub-licenses this right to the company's commercial customers, which consist of establishments such as hotels, casinos, racetracks, bars, restaurants, and nightclubs. Plaintiff's Aff. ¶ 3, Dkt. No. 24-4. The program relevant to this case was a match broadcast on February 25, 2012, and marketed as "Ultimate Fighting Championship 144: Frankie Edgar v. Benson

1   Henderson" (the "program").  *Id.*  By contract, plaintiff secured the exclusive nationwide
2   commercial distribution rights for the program.  *Id.*

3   Plaintiff alleges that on February 25, 2012, the program was unlawfully intercepted and
4   exhibited by defendants in San Jose, California.  Compl. ¶ 19, Dkt. No. 1.  Details about the night
5   of the fight come from the declaration of Mary Gallant.  *See* Dkt. No. 24-3.  Gallant entered Nha
6   Em Restaurant at approximately 8:45 p.m.  *Id.*  She did not pay any cover charge to enter the
7   establishment, nor was she required to purchase any food or beverage to watch the program.  *Id.*
8   The program was displayed on two 52 inch flat screen televisions and one projector.  *Id.*  Gallant
9   noted that about 50 people watched the fight.  *Id.*  Gallant's affidavit states that a cable box was
10  not visible and that the establishment did not have a satellite dish.  *Id.*  At 10:01 p.m. she left, and
11  swore out the declaration about two weeks later.  *Id.*

12  On February 20, 2013, Joe Hand filed this action for violations of: (1) the Federal
13  Communications Act of 1934, as amended, 47 U.S.C. § 605; (2) the Cable & Television
14  Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553; (3) California
15  law against conversion; and (4) California Bus. & Prof. Code Section 17200.  Joe Hand requests
16  $110,000 for violation 47 U.S.C. § 605(e)(3)(B)(iii) and (c)(ii) and $900 for conversion for "the
17  amount Defendant would have been required to pay had he ordered the program from Plaintiff."
18  Pl.'s Proposed Order, Dkt. No. 24-5; Pl.'s Br. 20, Dkt. No. 24-1.

19  Plaintiff brings its complaint against Lee Duong individually and d/b/a Nha Em
20  Restaurant & Bar and Satom, LLC, d/b/a Nha Em Restaurant & Bar.  The complaint alleges that
21  Lee Duong is a managing member of Satom, LLC, which owns and operates Nha Em Restaurant
22  & Bar.  Compl. ¶ 7.  The complaint also alleges that Lee Duong is named on the California
23  Alcoholic Beverage and Control license issued to Nha Em Restaurant & Bar.  Joe Hand also
24  contends that Lee Duong hand the right and ability to supervise the activities of Nha Em
25  Restaurant & Bar and that she directed employees to unlawfully intercept and show the program.
26  Compl. ¶¶ 9-11.

27
28

1   On August 8, 2013, Joe Hand and Satom, LLC stipulated to judgment in the amount of
2   $12,500. Dkt. No. 23. Lee Duong was not mentioned or included in the stipulation. Joe Hand
3   now seeks default judgment against Lee Duong individually.

4                    II.    ANALYSIS

5   Because Lee Duong has failed to plead or otherwise defend, default is appropriate. Fed.
6   R. Civ. Proc. 55(a).

7   "[T]he general rule of law is that upon default the factual allegations of the complaint, except
8   those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559
9   F.2d 557, 560 (9th Cir. 1977). With respect to damages, however, Joe Hand has not provided any
10  briefing or evidence beyond the complaint on the respective liability of the individual defendants
11  or how Satom, LLC's stipulation to judgment affects Lee Duong's liability. Based on the
12  allegations it appears that Lee Duong is jointly and severely liable with Satom, LLC. Joe Hand
13  has stipulated to judgment with Satom, LLC for an amount that is approximately the total Joe
14  Hand would have gotten in this case from all defendants. *See Joe Hand Promotions, Inc. v. Minh
15  Tu Nguyen,* No. 5:11-CV-06168 RMW, 2012 WL 6528283 (N.D. Cal. Dec. 13, 2012) (awarding
16  $7,500 in statutory damages and $900 for conversion for showing a fight at a bar with a similar
17  number of patrons). Therefore, the court finds Lee Duong jointly liable with Satom, LLC for the
18  $12,500, for which Satom, LLC has already stipulated to judgment.

19                   III.   ORDER

20  For the foregoing reasons, the court grants Joe Hand's motion for default judgment
21  against Lee Duong. Therefore, it is hereby ordered that judgment is entered in favor of plaintiff
22  Joe Hand and against defendant Lee Duong. Lee Duong is jointly liable with Satom, LLC to Joe
23  Hand for $12,500 in damages.

25  Dated: October 1, 2013                    *Ronald M. Whyte*
26                                            Ronald M. Whyte
                                              United States District Court Judge

DEFAULT JUDGMENT
CASE NO. C-13-00772-RMW         - 3 -
SW